UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMILIO SAN MARTIN; ERIC
RUTLEDGE; WENDY STONE;
KEVIN KIELY; KRISTEN SHEEN;
JEFF KOZAK; BRIAN SLUSARZ;
KRISTI HUJIK; HELEN TOSTI;
BRENDAN HAVENS; ERIC
SAPERSTEIN; ANA SAPERSTEIN;
and ARI SAPERSTEIN,

    Plaintiffs,

v.         Case No. 6:20-cv-1769-RBD-GJK

LOCKHEED MARTIN
CORPORATION,

    Defendant.
_____

## ORDER

Plaintiffs move to voluntarily dismiss their Complaint (Doc. 1) without prejudice. (Doc. 51 ("Motion").) Defendant opposes (Doc. 55) and seeks oral argument on the Motion (Doc. 56). On review, the Motion is granted in part and the request for oral argument is denied.[1]

## BACKGROUND

Plaintiffs sued Defendant regarding its handling of toxic material at a

---

[1] Defendant also moves for expedited discovery. (Doc. 57.) As the Court dismisses the Complaint, the motion is moot.

1

weapons manufacturing facility. (Doc. 1.) Defendant answered. (Doc. 34.) Plaintiffs moved, unopposed, to file an amended complaint. (Doc. 49.) The Court granted the motion. (Doc. 50.) Plaintiffs then filed the present Motion seeking to dismiss its Complaint without prejudice instead of filing an amended complaint. (Doc. 51.) Plaintiffs contend they moved to amend to add several defendants who owned portions of the relevant facility but now anticipate adding these defendants would destroy the Court's diversity jurisdiction. (*Id.* ¶¶ 4–9.) Defendants oppose granting the Motion unconditionally.[2] (Doc. 55.)

## STANDARDS

Federal Rule of Civil Procedure 41(a)(2) allows the court to dismiss an action per the plaintiff's request "on terms that the court considers proper." "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other [than] the mere prospect of a subsequent lawsuit*, as a result." *Potenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (cleaned up). The Court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 1256 (citation omitted).

---

[2] The request for oral argument on the Motion is denied as the briefing is sufficient to dispose of the issue. (*See* Docs. 54, 56.)

## ANALYSIS

Defendant does not dispute that Plaintiffs should be allowed to voluntarily dismiss the Complaint. (*See* Doc. 55.) Instead, Defendant argues the dismissal should be accompanied by these conditions: (1) Plaintiffs provide Defendant with discovery responses regarding the citizenship of the proposed additional parties and the claims against them; and (2) Plaintiffs pay Defendant fees and costs if they refile the action and Defendant successfully removes the action again to federal court.[3] (*See id.* at 3–9.) In weighing the relevant equities, only the second condition is required to do justice between the parties. *See Potenberg*, 252 F.3d at 1256.

Defendant argues that assuming this action is dismissed, and Plaintiffs refile in state court, Defendant will have to determine the citizenship of the newly added defendants and conduct a removal analysis. (Doc. 55, p. 6.) Rather than wait, Defendant seeks the citizenship information of the additional defendants now. (*Id.* at 6–8.) So it asks the Court to require Plaintiffs to provide discovery responses on the matter as a condition to dismissal. (*Id.*) Defendant's request is premature, dependent on numerous uncertainties, and unnecessary to fairly dismiss this action. If all Defendant predicts is true, and Defendant is able to remove, Defendant can seek costs and fees for its trouble.

---

[3] Defendant also seeks a hearing to discuss additional conditions, but the condition imposed in this Order sufficient. (*See* Doc. 55, p. 1.)

On that note, Defendant asks the Court to require Plaintiffs pay fees and costs if they refile the action in state court and Defendant successfully removes it back to federal court. (Doc. 55, pp. 8–9.) This condition is warranted to ensure Defendant is properly compensated for any unfair, duplicative litigation. *See Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1328 (11th Cir. 2004); Fed. R. Civ. P. 41(d).

Plaintiffs' Motion is granted on the condition that if Plaintiffs refile their action "based on or including the same claim" against Defendant in state court and Defendant successfully removes it to federal court, Defendant will be entitled to claim reasonable fees and costs for the duplicative litigation. Fed. R. Civ. P. 41(d); *see Robinson v. Family Dollar Stores of Ga.*, LLC, No. 1:20-CV-0674, 2021 WL 1061770, at *2 (N.D. Ga. Mar. 18, 2021).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiffs' Motion to Dismiss Without Prejudice (Doc. 51) is **GRANTED IN PART AND DENIED IN PART:**

    a. Plaintiffs' Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** on the condition that if Plaintiffs refile their action based on or including the same claim and Defendant successfully removes the action to federal court, Defendant may claim reasonable fees and costs for the duplicative

        litigation.

    b.    In all other respects, the Motion is **DENIED**.

2.    Defendant's Request for Oral Argument (Doc. 56) is **DENIED**.

3.    Defendant's Motion for Expedited Discovery (Doc. 57) is **DENIED AS MOOT**.

4.    The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 22, 2021.

ROY B. DALTON JR.
United States District Judge